## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

DAVID PALMER,

    Plaintiff,

v.

SAMUEL NASSAN; THE PENNSYLVANIA STATE POLICE; TERRENCE DONNELLY; SHEILA LADNER; and CITY OF PITTSBURGH,

    Defendants.

CIVIL ACTION

No. GD-10-11378

**COMPLAINT IN CIVIL ACTION**

Filed on Behalf of Plaintiff

Counsel of Record for this Party:

Gary J. Ogg, Esquire
PA. ID # 34515

David Kennedy Houck, Esquire
PA. ID # 202280

Ogg, Murphy & Perkosky, LLP
Firm No. 548
245 Fort Pitt Boulevard
Pittsburgh, PA 15222
(412) 471-8500

**JURY TRIAL DEMANDED**

RECEIVED

JUN 2 2 2010

CITY OF PITTSBURGH
LAW DEPARTMENT

FILED
10 JUN 11 PM 2:30
DEPT OF COURT RECORDS
CIVIL/FAMILY DIVISION
ALLEGHENY COUNTY PA

EXHIBIT 1

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

DAVID PALMER,

        Plaintiff,

v.

SAMUEL NASSAN; THE PENNSYLVANIA STATE POLICE; TERRENCE DONNELLY; SHEILA LADNER; and CITY OF PITTSBURGH,

        Defendants.

CIVIL ACTION

No.

### NOTICE TO DEFEND

    You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

    YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO, OR TELEPHONE, THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

    IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERRAL SERVICE<br>
ALLEGHENY COUNTY BAR ASSOCIATION<br>
920 CITY-COUNTY BUILDING<br>
PITTSBURGH, PA 15219<br>
(412) 261-5555

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

DAVID PALMER,

        Plaintiff,

v.

SAMUEL NASSAN; THE PENNSYLVANIA STATE POLICE; TERRENCE DONNELLY; SHEILA LADNER; and CITY OF PITTSBURGH,

        Defendants.

CIVIL ACTION

No.

### COMPLAINT IN CIVIL ACTION

AND NOW, comes Plaintiff, DAVID PALMER, individually, by and through his counsel, Gary J. Ogg, Esquire, David Kennedy Houck, Esquire and the law firm of Ogg, Murphy & Perkosky, LLP, and files the foregoing Complaint in Civil Action averring as follows:

1. Plaintiff, David Palmer (hereinafter "Plaintiff"), is an adult individual residing at 5359 Baptist Road, Pittsburgh, Allegheny County, Pennsylvania.

2. Defendant, Samuel Nassan (hereinafter "Nassan"), is and was at all times relevant hereto an officer of The Pennsylvania State Police and acting under color of state law. Nassan is being sued in both his individual and official capacities.

3. Defendant, The Pennsylvania State Police, is a law enforcement agency of the Commonwealth of Pennsylvania with its principal place of business at 1800 Elmerton Avenue, Harrisburg, PA 17110.

4. Defendant, Terrence Donnelly (hereinafter "Donnelly"), is and was at all times relevant hereto an officer of the City of Pittsburgh Police Department and acting under color of state law. Donnelly is being sued in both his individual and official capacities.

5. Defendant, Sheila Ladner (hereinafter "Ladner"), is and was at all times relevant hereto an officer of the City of Pittsburgh Police Department and acting under color of state law.

Ladner is being sued in both her individual and official capacities.

6. Defendant, City of Pittsburgh, is a governmental entity with its principal place of business at 700 Filbert Street, Pittsburgh, Pennsylvania 15232.

7. The facts and events stated below occurred during the early morning hours of July 6, 2008 in the South Side neighborhood of Pittsburgh, Pennsylvania.

8. At the above-stated time and location, Plaintiff was operating a 1998 Volkswagen Jetta.

9. At the above-stated time and location, Nassan was operating an unmarked patrol car and was traveling behind Plaintiff's vehicle. Ladner was a passenger in this vehicle.

10. After following Plaintiff for a short distance, Nassan activated his vehicle's patrol lights and siren. Plaintiff maneuvered his vehicle off of the roadway and stopped in front of a gas station on the 1000 block of East Carson Street. At some point after Plaintiff's vehicle was stopped, Donnelly arrived on the scene.

11. Upon approaching the vehicle, Nassan requested Plaintiff's license, registration and insurance information. Plaintiff complied.

12. Defendant Nassan then instructed Plaintiff to exit his vehicle. Plaintiff complied.

13. While outside the vehicle, Plaintiff informed Nassan that he was carrying a firearm in his pocket and that he had a permit to carry said firearm.

14. Nassan, without reason and without provocation, violently struck Plaintiff in the head, neck and face. Defendant Nassan continued to repeatedly strike Plaintiff in the head, neck and face. Nassan, Ladner and/or Donnelly then forced Plaintiff to the ground, injuring Plaintiff's knees, calves and elbows, and Plaintiff was again repeatedly struck in the head, neck and face. With Plaintiff on the ground, lying on his stomach, Nassan, Ladner and/or Donnelly, used a taser devise, striking Plaintiff in the lower back and buttock area. Nassan, Ladner and/or Donnelly then rolled Plaintiff onto his back and tased him again in his chest area.

15. Plaintiff was then transported to UPMC Mercy Hospital for evaluation.

16. As a result of the excessive force used by Nassan, Ladner and/or Donnelly, Plaintiff sustained bodily injury to his head, neck, face, knees, calves, elbows, lower back, buttocks and chest.

17. At all times material and relevant, Plaintiff posed no threat of harm to Defendants Nassan, Ladner and/or Donnelly, any of the officers and/or any other persons at or near the scene.

18. At no time did Plaintiff resist arrest. At all material and relevant times, Nassan, Ladner and/or Donnelly did not have any justifiable cause or reason to use excessive force when interacting with Plaintiff.

19. At all times relevant hereto, Defendants Nassan was acting individually and under the color of his authority as a police officer for The Pennsylvania State Police.

20. At all times relevant hereto, Defendants Ladner and/or Donnelly were acting individually and under the color of their authority as police officers for the City of Pittsburgh.

## COUNT I - BATTERY
### David Palmer v. Samuel Nassan

21. Plaintiff incorporates by reference Paragraphs 1 through 20 as if fully set forth herein.

22. Defendant Samuel Nassan's physical handling of, and infliction of injury upon, Plaintiff was neither warranted, nor justifiable under law; therefore, this conduct constitutes a civil battery.

23. As a result of the battery, Plaintiff sustained injuries to his body, including, but not limited to, bodily injury to his head, neck, face, knees, calves, elbows, lower back, buttocks and chest, as well as those injuries more fully set forth above.

24. As a result of his injuries, Plaintiff has sustained damages in the form of medical expenses, pain and suffering, embarrassment and humiliation, disfigurement, loss of life's pleasures, loss of income and all other damages as are permitted by law.

25. Further, the conduct of Defendant Nassan was outrageous and warrants punitive

damages.

WHEREFORE, Plaintiff demands damages and judgment in his favor and against Defendant Samuel Nassan in an amount in excess of the jurisdiction limits of arbitration, plus punitive damages.

### COUNT II - 42 U.S.C. §1983
### David Palmer v. Samuel Nassan

26. Plaintiff incorporates by reference Paragraphs 1 through 25 as if fully set forth herein.

27. Defendant Nassan's infliction of severe injury upon Plaintiff was neither warranted, nor was it justifiable under the law or the circumstances, and same was done with malice and/or deliberate indifference, in violation of Plaintiff's Fourth, Eighth and Fourteenth Amendment civil rights, including his right to be free from unreasonable search and seizure of his person and from the use of excessive force, all of which is in violation of 42 U.S.C. §1983.

28. As a result of the violation of his Constitutional civil rights, Plaintiff has sustained those injuries and damages as are set forth above.

WHEREFORE, Plaintiff claims damages and judgment in his favor and against Defendant Samuel Nassan and, pursuant to 42 U.S.C. § 1983, claims attorney fees, costs, punitive damages, and all other damages that are permitted pursuant to law.

### COUNT III - 42 U.S.C. §1983
### David Palmer v. The Pennsylvania State Police

29. Plaintiff incorporates by reference Paragraphs 1 through 28 as if fully set forth herein.

30. Defendant, Samuel Nassan, has a history of acting erratically, violently, and with excessive force, and in abusing his authority as a Pennsylvania State police officer, all of which is known to Defendant, The Pennsylvania State Police.

31. In particular, Nassan was found civilly liable for the December 2002 shooting death of Michael Ellerbee, a 12 year old, in Uniontown, Pennsylvania, which was the subject of

the lawsuit captioned at Hickenbottom v. Nassan, et al., (03-00223 W.D. Pa.).

32. Further, Nassan's actions in issuing a citation to a motorist for the motorist's use of the "middle finger" resulted in a lawsuit, for violation of the plaintiff's First Amendment rights, against Nassan and The Pennsylvania State Police, captioned at Corey v. Nassan, et al., (05-00114 W.D. Pa.), a lawsuit that ended in settlement.

33. Nassan's actions in the assault and battery of Christopher Strothers, on the same night as the within incident, where Nassan forced Mr. Strothers to the ground, breaking his ankle, was the subject of the lawsuit captioned at Strothers v. Nassan, et al., (08-01624 W.D. Pa.).

34. Additionally, Nassan's actions in the shooting death of Nicholas Haniotakis in March 2009, where it is alleged that he and Donnelly shot Mr. Haniotakis, killing him, is the subject of the lawsuit captioned at Zion v. Nassan, et al., (09-00383 W.D. Pa.).

35. Defendant, The Pennsylvania State Police, knew or should have known that Nassan was and is not fit to be a Pennsylvania State Police Officer; and yet The Pennsylvania State Police continues to permit Nassan to hold a badge and abuse his authority, as in his treatment of Plaintiff.

36. In failing to remove Nassan from the force, and in failing to have policies and procedures to protect the public from officers such as Nassan, Defendant The Pennsylvania State Police acted with deliberate indifference to Plaintiff's Fourth, Eighth and Fourteenth Amendment civil rights, all in violation of 42 U.S.C. §1983.

37. In particular, Plaintiff was caused to be injured as a result of defective policies, procedures, practices, customs or directives (hereinafter referred to as "policies") of the Defendant, Pennsylvania State Police, as follows:

    a. A policy of sanctioning, condoning or acquiescing to assaults on innocent members of the public by violent and rogue officers such as Samuel Nassan;

    b. A policy of moving violent and rogue officers such as Samuel Nassan from barracks to barracks, after the officer had committed offenses or acts of violence;

    c. A policy of hiring and retaining officers such as Samuel Nassan, who engaged in violent and rogue behavior,

        including the assault and battery of innocent members of the public, generally, and Plaintiff, specifically;

    d.    A policy of failing to adequately or properly train or discipline its officers, such as Samuel Nassan, so as to prevent violent and rogue behavior from injuring members of the public; and

    e.    A policy of improperly or inadequately investigating complaints of violent behavior on the part of its officers, including Samuel Nassan.

38. As a result of the Defendant's 42 U.S.C. §1983 violations as described above, Plaintiff sustained the injuries and damages as set forth above.

WHEREFORE, Plaintiff claims damages and judgment in favor and against Defendant The Pennsylvania State Police and, pursuant to 42 U.S.C. §1983, claims attorney fees, costs, punitive damages, and all other damages that are permitted pursuant to law.

### COUNT IV - BATTERY
### David Palmer v. Terrence Donnelly

39. Plaintiff incorporates by reference Paragraphs 1 through 38 as if fully set forth herein.

40. Defendant Terrence Donnelly's physical handling of, and infliction of injury upon, Plaintiff was neither warranted, nor justifiable under law; therefore, this conduct constitutes a civil battery.

41. As a result of the battery, Plaintiff sustained injuries to his body, including, but not limited to, bodily injury to his head, neck, face, knees, calves, elbows, lower back, buttocks and chest, as well as those injuries more fully set forth above.

42. As a result of his injuries, Plaintiff has sustained damages in the form of medical expenses, pain and suffering, embarrassment and humiliation, disfigurement, loss of life's pleasures, loss of income and all other damages as are permitted by law.

43. Further, the conduct of Defendant Donnelly was outrageous and warrants punitive damages.

WHEREFORE, Plaintiff demands damages and judgment in his favor and against Defendant Terrence Donnelly in an amount in excess of the jurisdiction limits of arbitration, plus punitive damages.

### COUNT V - 42 U.S.C. §1983
### David Palmer v. Terrence Donnelly

44. Plaintiff incorporates by reference Paragraphs 1 through 43 as if fully set forth herein.

45. Defendant Donnelly's infliction of severe injury upon Plaintiff was neither warranted, nor was it justifiable under the law or the circumstances, and same was done with malice and/or deliberate indifference, in violation of Plaintiff's Fourth, Eighth and Fourteenth Amendment civil rights, including his right to be free from unreasonable search and seizure of his person and from the use of excessive force, all of which is in violation of 42 U.S.C. §1983.

46. As a result of the violation of his Constitutional civil rights, Plaintiff has sustained those injuries and damages as are set forth above.

WHEREFORE, Plaintiff claims damages and judgment in his favor and against Defendant Terrence Donnelly and, pursuant to 42 U.S.C. § 1983, claims attorney fees, costs, punitive damages, and all other damages that are permitted pursuant to law.

### COUNT VI - BATTERY
### David Palmer v. Sheila Ladner

47. Plaintiff incorporates by reference Paragraphs 1 through 46 as if fully set forth herein.

48. Defendant Sheila Ladner's physical handling of, and infliction of injury upon, Plaintiff was neither warranted, nor justifiable under law; therefore, this conduct constitutes a civil battery.

49. As a result of the battery, Plaintiff sustained injuries to his body, including, but not limited to, bodily injury to his head, neck, face, knees, calves, elbows, lower back, buttocks

and chest, as well as those injuries more fully set forth above.

50. As a result of his injuries, Plaintiff has sustained damages in the form of medical expenses, pain and suffering, embarrassment and humiliation, disfigurement, loss of life's pleasures, loss of income and all other damages as are permitted by law.

51. Further, the conduct of Defendant was outrageous and warrants punitive damages.

WHEREFORE, Plaintiff demands damages and judgment in his favor and against Defendant Sheila Ladner in an amount in excess of the jurisdiction limits of arbitration, plus punitive damages.

### COUNT VII - 42 U.S.C. §1983
### David Palmer v. Sheila Ladner

52. Plaintiff incorporates by reference Paragraphs 1 through 51 as if fully set forth herein.

53. Defendant Ladner's infliction of severe injury upon Plaintiff was neither warranted, nor was it justifiable under the law or the circumstances, and same was done with malice and/or deliberate indifference, in violation of Plaintiff's Fourth, Eighth and Fourteenth Amendment civil rights, including his right to be free from unreasonable search and seizure of his person and from the use of excessive force, all of which is in violation of 42 U.S.C. §1983.

54. As a result of the violation of his Constitutional civil rights, Plaintiff has sustained those injuries and damages as are set forth above.

WHEREFORE, Plaintiff claims damages and judgment in his favor and against Defendant Sheila Ladner and, pursuant to 42 U.S.C. § 1983, claims attorney fees, costs, punitive damages, and all other damages that are permitted pursuant to law.

### COUNT VIII - 42 U.S.C. §1983
### David Palmer v. City of Pittsburgh

55. Plaintiff incorporates by reference Paragraphs 1 through 54 as if fully set forth herein.

56. Defendants, Donnelly and Ladner, have a history of acting erratically, violently, and with excessive force, and in abusing their authority as City of Pittsburgh Police Officers, all of which is known to Defendant, City of Pittsburgh.

57. Donnelly's actions in the shooting death of Nicholas Haniotakis in March 2009, where it is alleged that he and Nassan shot Mr. Haniotakis, killing him, is the subject of the lawsuit captioned at Zion v. Nassan, et al., (09-00383 W.D. Pa.).

58. Defendant, City of Pittsburgh, knew or should have known that Donnelly and/or Ladner were and are not fit to be City of Pittsburgh Police Officers; and yet the City of Pittsburgh continues to permit Donnelly and/or Ladner to hold badges and abuse their authority, as in their treatment of Plaintiff.

59. In failing to remove Donnelly and/or Ladner from the force, and in failing to have policies and procedures to protect the public from officers such as Terrence Donnelly and/or Sheila Ladner, Defendant City of Pittsburgh acted with deliberate indifference to Plaintiff's Fourth, Eighth and Fourteenth Amendment civil rights, all in violation of 42 U.S.C. §1983.

60. In particular, Plaintiff was caused to be injured as a result of defective policies, procedures, practices, customs or directives (hereinafter referred to as "policies") of the Defendant, City of Pittsburgh, as follows:

   a. A policy of sanctioning, condoning or acquiescing to assaults on innocent members of the public by violent and rogue officers such as Terrence Donnelly and/or Sheila Ladner;

   b. A policy of moving violent and rogue officers such as Terrence Donnelly and/or Sheila Ladner from barracks to barracks, after the officer had committed offenses or acts of violence;

   c. A policy of hiring and retaining officers such as Terrence Donnelly and/or Sheila Ladner, who engaged in violent and rogue behavior, including the assault and battery of innocent members of the public, generally, and Plaintiff, specifically;

   d. A policy of failing to adequately or properly train or discipline its officers, such as Terrence Donnelly and/or Sheila Ladner, so as to prevent violent and rogue behavior from injuring members of the public; and

e. A policy of improperly or inadequately investigating complaints of violent behavior on the part of its officers, including Terrence Donnelly and/or Sheila Ladner.

61. As a result of the Defendant's 42 U.S.C. §1983 violations as described above, Plaintiff sustained the injuries and damages as set forth above.

WHEREFORE, Plaintiff claims damages and judgment in favor and against Defendant City of Pittsburgh and, pursuant to 42 U.S.C. §1983, claims attorney fees, costs, punitive damages, and all other damages that are permitted pursuant to law.

**JURY TRIAL DEMANDED**

Respectfully submitted,

_____
Gary J. Ogg, Esquire
David Kennedy Houck
Attorneys for Plaintiff

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

DAVID PALMER,

        Plaintiff,

v.

SAMUEL NASSAN; THE PENNSYLVANIA STATE POLICE; TERRENCE DONNELLY; SHEILA LADNER; and CITY OF PITTSBURGH,

        Defendants.

CIVIL ACTION

No.

## VERIFICATION

I, David Palmer, hereby verify that I have read the foregoing Complaint in Civil Action, and that the statements contained therein are correct to the best of my personal knowledge, information and belief.

This statement and verification are made subject to the penalties of 18 Pa. C.S. _ 4904 relating to unsworn falsification to authorities, which provides that if I make knowingly false averments I may be subjected to criminal penalties.

*David Palmer* (signature)

David Palmer